R. G. BLOSSMAN & CO. v. B. FRISKE ET AL.

Decided July 1, 1903.

**Fraudulent Conveyance—Insolvent Debtor.**

An insolvent merchant transferred his entire stock, worth about $1000, to plaintiff, to whom he owed $400, the price being $2000, and plaintiff, after crediting his debt, executed his notes for the remaining $1600. Plaintiff was insolvent, was a farmer, and purchased without taking an inventory, examining the stock or asking the price of any article, and allowed the seller to remain in possession thereafter. Held, that the evidence clearly showed a fraudulent sale, and at least legal or constructive fraud on the part of the buyer, who had exercised no diligence whatever to learn of any fraudulent purpose on the part of the seller to defeat the claim of his creditors.

Appeal from the County Court of Nueces. Tried below before Hon. W. B. Hopkins.

*Jas. B. & Chas. J. Stubbs, G. R. Scott,* and *Delmas Givens,* for appellants.

*H. R. Sutherland, Jr.,* and *McCampbeils & Stayton,* for appellees.

GARRETT, CHIEF JUSTICE.—This action was brought in the County Court of Nueces County by B. Friske against R. G. Blossman and J. B. Thompson, composing the firm of R. G. Blossman & Co., and G. R. Scott and John U. Bluntzer, to recover damages for the alleged conversion of certain goods, wares and merchandise of the estimated value of $357.96. The fact constituting the alleged conversion was the seizure of the goods by virtue of a writ of attachment sued out by the said R. G. Blossman & Co. in a suit brought by them against W. B. Rankin for debt. The defendant Scott was the attorney for plaintiffs in the attachment suit against Rankin, and the defendant Bluntzer was the sheriff who levied the writ. The plaintiff herein, B. Friske, claimed to be the owner of the goods by virtue of a sale thereof to him before the attachment was levied. A trial was had by a jury in the court below and judgment was rendered in favor of the plaintiff for $325 against the defendants R. G. Blossman and J. B. Thompson; and for the defendants Scott and Bluntzer, in whose favor the court directed a verdict.

There are a number of assignments of error addressed to the action of the court in giving and refusal of instructions, but as we are of opinion that a verdict and judgment should have been returned and rendered in favor of the defendants upon the facts of the case, we pass them without further disposition than to say that the most of them were well made.

It was shown by the evidence that W. B. Rankin had been doing business as a merchant in the name of his wife for about three years; that he had borrowed $400 from the plaintiff, Friske, and had owed it to him about six months, when on October 22, 1901, in order to collect his

money, as he testified, Friske bought Rankin's entire stock of goods. The goods were worth about $1000. Rankin testified that they were worth from $1400 to $1600, and he was the only witness who placed a higher valuation on them than $1000. The consideration for the sale was $2000, as follows: plaintiff's debt of $400 and his four notes for $400 each. Plaintiff knew that the business, was conducted in the name of Mrs. Rankin. She signed the bill of sale, and the notes were made payable to her. The bill of sale recited the consideration as $2000 in hand paid. At the time of the sale Rankin was insolvent, and owed debts amounting to $1799.70; he had no property besides the goods sold to Friske except his homestead and a small piece of land which had not been paid for. Friske was a farmer; had never been a merchant, and was ignorant of the value of goods, and bought without taking an inventory or making any examination of the stock, or asking the price of any article, and was told by Rankin at the time of the purchase that they were worth from $1400 to $1600. Rankin remained in possession of the goods. The evidence shows that the plaintiff was also insolvent. He testified that for the purpose of collecting his debts he bought the entire stock of goods, together with all fixtures, and wagon and horse. He made the purchase without taking an inventory or making any examination. He executed notes for an amount in addition to the debt equal to the highest value placed on the goods, making in all a consideration of $2000 for a stock of goods worth about $1000, and without making any inquiry or exercising any diligence whatever to learn of any fraudulent purpose on the part of Rankin to defeat the claim of his creditors. The uncontroverted evidence shows a clear case of fraudulent sale on the part of Rankin, and at least legal or constructive fraud on the part of Friske. The judgment of the court below will be reversed and judgment will be here rendered in favor of the appellants.

*Reversed and remanded.*